1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  HARMEET SINGH,

12           Petitioner,

13  v.

14  STATE OF CALIFORNIA, *et al.*,

15           Respondents.

16

17

18

19

20

Case No.  2:24-cv-00519-JDP (HC)

**ORDER**

SCREENING THE PETITION AND
ALLOWING LEAVE TO AMEND

ECF No. 1

GRANTING PETITIONER'S
APPLICATION TO PROCEED *IN FORMA
PAUPERIS*

ECF No. 3

21          Petitioner, a state prisoner represented by counsel, brings this action under section 2254

22  and asks that this court order his immediate release and compensate him for emotional damages.

23  ECF No. 1 at 1-3.  As an initial matter, money damages are unavailable in a section 2254 action.

24  *Robertson v. Willows Police Dep't*, No. 2:17-cv-0352-AC-P, 2017 U.S. Dist. LEXIS 57797, *3-4

25  (E.D. Cal. Apr. 14, 2017) ("Although money damages may be obtained pursuant to a successful

26  civil rights action, they may not be obtained in a habeas action.").  As to the substance of

27  petitioner's claims, he appears to allege that the Sacramento County Superior Court found him

28

eligible for resentencing under California Penal Code Section 1172.6, but defendants State of California and Sacramento County District Attorney's Office have failed to request a resentencing hearing.[1]  ECF No. 1 at 2-3.  These claims sound entirely in state law and, thus, appear unsuited to a federal habeas action.  *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.").  Whether petitioner is entitled to resentencing under state law is a question for state courts.  And when a state law resentencing hearing should be scheduled in state court is, unquestionably, a matter that should be left to state court.  The Supreme Court has held that "lower federal courts possess no power whatever to sit in direct review of state court decisions."  *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296, 90 S. Ct. 1739, 26 L. Ed. 2d 234 (1970).  It stands, then, to reason that petitioner's relief lies in petitioning the state courts and the state appellate process.  To the extent petitioner is alleging that it is the district attorney that is frustrating his resentencing, he has not explained why state court procedures are inadequate to address this issue.

Rather than recommending that this action be dismissed immediately, I will give petitioner and his counsel an opportunity to amend so that they can better explain why this action belongs in federal court.

It is hereby ORDERED that:

1. Petitioner's application to proceed *in forma pauperis*, ECF No. 3, is GRANTED.

2. Petitioner may file an amended habeas petition that addresses these issues within thirty days of this order's entry.  If he fails to do so, I will recommend that this action be dismissed.

3. Since petitioner is represented by counsel, I will not direct the Clerk of Court to send the standard habeas form.

---

[1] The petition requests both an immediate release from custody and that defendants request a resentencing hearing.  It is unclear to me whether petitioner contemplates this court ordering his release while he awaits a resentencing hearing, or whether he seeks two separate and exclusive avenues of relief.

4.  Petitioner's motion to compel, ECF No. 5, is DENIED without prejudice.  He may

refile the motion after he files an amended petition and I have screened it.


IT IS SO ORDERED.


Dated:   June 14, 2024                                    _____
                                                         JEREMY D. PETERSON
                                                         UNITED STATES MAGISTRATE JUDGE