UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARMEET SINGH,<br><br>　　　　Petitioner,<br><br>　v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>　　　　Respondents. | Case No.  2:24-cv-00519-JDP (HC)<br><br>**ORDER TO SHOW CAUSE** |

　　　On June 14, 2024, I screened petitioner's petition for a writ of habeas corpus and notified him that it failed to state a viable claim. ECF No. 6. I granted him thirty days to file an amended petition. *Id.* To date, petitioner has not done so.

　　　To manage its docket effectively, the court imposes deadlines and requires litigants to meet those deadlines. The court may dismiss a case based on petitioner's failure to prosecute or failure to comply with its orders or local rules. *See* Fed. R. Civ. P. 41; *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."). Involuntary dismissal is a harsh penalty, but the court has a duty to administer justice expeditiously and avoid needless burden for the parties. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

　　　Petitioner will be given an opportunity to explain why the court should not dismiss his

1 case for failure to file an amended petition.  Petitioner's failure to respond to this order will
2 constitute a failure to comply with a court order and will result in dismissal of this case.
3 Accordingly, petitioner must show cause within twenty-one days of the date of entry of this order
4 why the court should not dismiss his case for failure to prosecute and for failure to comply with a
5 court order.  Should petitioner wish to continue with this lawsuit, he shall also file, within twenty-
6 one days, an amended petition for writ of habeas corpus.

IT IS SO ORDERED.

Dated: __August 12, 2024__              _____
                                         JEREMY D. PETERSON
                                         UNITED STATES MAGISTRATE JUDGE